■ In the Matter of MONROE COMMUNITY HOSPITAL, Petitioner. MARION D., Respondent. [661 NYS2d 319] —Motion to vacate ex parte order granted. Memorandum: Pursuant to CPLR 5704 (a), Mental Hygiene Legal Service (MHLS) moves to vacate the ex parte orders of Supreme Court appointing MHLS guardian ad litem for Marion D. and Edward Z. MHLS may be appointed "[i]n any proceeding before the court involving a patient * * * consistent with, and within the scope of, the director's statutory duties" (22 NYCRR 1023.3). A patient is defined as "a person residing in a facility for the mentally disabled which is licensed or operated by the Department of Mental Hygiene or the Department of Correctional Services, or a person residing in any other place for whom [MHLS] has been appointed counsel or court evaluator pursuant to Mental Hygiene Law article 81" (22 NYCRR 1023.1 [d]; *see also,* Mental Hygiene Law § 47.01 [a]). Marion D. and Edward Z. are not "patients" within the meaning of 22 NYCRR 1023.1 (d); they are patients at Monroe Community Hospital, which is not a fa-

cility operated for the mentally disabled. No proceeding has been commenced under Mental Hygiene Law article 81. Thus, neither Marion D. nor Edward Z. is a patient for whom MHLS may properly be appointed guardian ad litem. The motions are therefore granted and the orders vacated. Present—Lawton, J. P., Callahan, Doerr, Balio and Boehm, JJ. (Filed May 7, 1997.)